UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF ARIZONA; STATE OF ILLINOIS; and STATE OF OREGON,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; BENJAMINE HUFFMAN, in his official capacity as Acting Secretary of Homeland Security; U.S. SOCIAL SECURITY ADMINISTRATION; MICHELLE KING, in her official capacity as Acting Commissioner of the Social Security Administration; U.S. DEPARTMETN OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; DOROTHY FINK, in her official capacity as Acting Secretary of Health and Human Services; U.S. DEPARTMENT OF JUSTICE; JAMES MCHENRY, in his official capacity as Acting Attorney General; U.S. DEPARTMENT OF AGRICULTURE, GARY WASHINGTON, in his official capacity as Acting Secretary of Agriculture; and the UNITED STATES OF AMERICA,<br><br>Defendants. | NO. 2:25-CV-00127<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER |

[PROPOSED] TEMPORARY
RESTRAINING ORDER
CASE NO. 2:25-CV-00127

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

| | |
|---|---|
| 1 | **I.     INTRODUCTION** |
| 2 | This matter came before the Court on the emergency Motion for a Temporary Restraining |
| 3 | Order filed by the States of Washington, Arizona, Illinois, and Oregon (Plaintiff States). The |
| 4 | Plaintiff States challenge an Executive Order issued January 20, 2025, by President Trump, |
| 5 | entitled "Protecting the Meaning and Value of American Citizenship." Having considered the |
| 6 | motion, Defendants' response, if any, and the argument of the parties, if any, the Court GRANTS |
| 7 | the Plaintiff States' emergency motion for a 14-day Temporary Restraining Order effective at |
| 8 | 12:01am on January __, 2025. The Court enters the following findings of fact and conclusions |
| 9 | of law. |

## II.     FINDINGS OF FACTS

1. Plaintiff States took the following steps to provide sufficient notice to Defendants:

    a. In advance of filing, on the morning of January 21, 2025, called the office of the United States Attorney for the Western District of Washington and emailed the United States Attorney for the Western District of Washington and the Chief of the Civil Division, to notify the office of Plaintiffs States' intention to file the complaint and motion in the near term.

    b. Once filed, provided a copy by hand delivery and email of the complaint, motion, declarations, and exhibits to the United States Attorney's Office for the Western District of Washington;

    c. Sent a copy of the same by certified mail to the Attorney General of the United States in Washington D.C.

2. Plaintiff States face irreparable injury as a result of the signing and implementation of Executive Order. The Order harms the Plaintiff States directly by forcing state agencies to lose federal funding and incur substantial costs to provide essential and legally required medical care and social services to resident children subject to the Order. Plaintiff

[PROPOSED] TEMPORARY
RESTRAINING ORDER
CASE NO. 2:25-CV-00127

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

States' residents are also irreparably harmed by depriving them of their constitutional right to citizenship and all the associated rights and benefits, including: subjecting them to risk of deportation and family separation; depriving them of access to federal funding for medical care and eligibility for basic public benefits that prevent child poverty and promote child health; and impacting their education, employment, and health.

3. These harms are immediate, ongoing, and significant, and cannot be remedied in the ordinary course of litigation.

4. A temporary restraining order against Defendants, as provided below, is necessary until a hearing on Plaintiff States' forthcoming motion for a preliminary injunction can be held.

### III. CONCLUSIONS OF LAW

1. The Court has jurisdiction over Defendants and the subject matter of this action.

2. Plaintiffs' efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65(b).

3. The Court deems no security bond is required under Rule 65(c).

4. To obtain a temporary restraining order, the Plaintiff States must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary relief; (3) the balance of equities tips in the Plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).

5. Based on the Findings of Fact set forth above and established Supreme Court precedent, there is a strong likelihood that Plaintiffs will succeed on the merits of their claims that the Executive Order violates the Fourteenth Amendment and Immigration and Nationality Act. *See United States v. Wong Kim Ark*, 169 U.S. 649, 654 (1898); *Regan v. King*, 49 F. Supp. 222, 223 (N.D. Cal. 1942), *aff'd*, 134 F.2d 413 (9th Cir. 1943), *cert denied*, 319 U.S. 753 (1943); *see also Gee v. United States*, 49 F. 146, 148 (9th Cir. 1892).

[PROPOSED] TEMPORARY RESTRAINING ORDER
CASE NO. 2:25-CV-00127

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

6. The Plaintiff States have also shown that they are likely to suffer irreparable harm in the absence of preliminary relief. The Executive Order will directly impact Plaintiff States, immediately increasing unrecoverable costs for providing essential medical care and social services to States's residents and creating substantial administrative burdens for state agencies. The Order also irreparably harms residents of Plaintiff States, depriving them of their constitutional right to citizenship and all the associated rights and benefits, immediately and irreparably harming their safety, security, and health.

7. The balance of equities tips toward the Plaintiff States and the public interest strongly weighs in favor of entering temporary relief.

### IV. TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ORDERED that:

1. Defendants and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with them who receive actual notice of this order are hereby fully enjoined from the following:

   a. Enforcing or implementing Section 2(a) of the Executive Order;

   b. Enforcing or implementing Section 3(a) of the Executive Order; or

   c. Enforcing or implementing Section 3(b) of the Executive Order.

2. This injunction remains in effect pending further orders from this Court.

3. Defendants shall remain enjoined until an expedited hearing can be held on the Plaintiff States' forthcoming motion for a preliminary injunction at _____ a.m./p.m. on _____ day of _____ 2025.

Dated this ____ hour of this ____ day of January 2025.

_____
UNITED STATES DISTRICT JUDGE

[PROPOSED] TEMPORARY RESTRAINING ORDER
CASE NO. 2:25-CV-00127

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Presented by:

NICHOLAS W. BROWN
Attorney General

*s/ Lane M. Polozola*
COLLEEN M. MELODY, WSBA #42275
Civil Rights Division Chief
LANE M. POLOZOLA, WSBA #50138
DANIEL J. JEON, WSBA #58087
ALYSON DIMMITT GNAM, WSBA #48143
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
colleen.melody@atg.wa.gov
lane.polozola@atg.wa.gov
daniel.jeon@atg.wa.gov
alyson.dimmittgnam@atg.wa.gov

*Attorneys for Plaintiff State of Washington*


KRIS MAYES
*Attorney General of Arizona*

*s/ Joshua Bendor*
Joshua D. Bendor (AZ No. 031908)*
Luci D. Davis (AZ No. 035347)*
Gabriela Monico Nunez (AZ No. 039652)*
Office of the Arizona Attorney General
Firm State Bar No. 14000
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Luci.Davis@azag.gov
Gabriela.MonicoNunez@azag.gov
ACL@azag.gov

*\*Pro hac vice motions forthcoming*
*Attorneys for Plaintiff State of Arizona*

KWAME RAOUL
*Attorney General, State of Illinois*

*s/ Rebekah Newman*
REBEKAH NEWMAN, ARDC #6327372*
Assistant Attorney General

[PROPOSED] TEMPORARY
RESTRAINING ORDER
CASE NO. 2:25-CV-00127

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

| | |
|---|---|
| 1 | Special Litigation Bureau |
| | Office of the Illinois Attorney General |
| 2 | 115 South LaSalle St., Floor 35 |
| | Chicago, IL 60603 |
| 3 | Tel. (773) 590-6961 |
| | rebekah.newman@ilag.gov |
| 4 | |
| | *Pro hac vice motion forthcoming* |
| 5 | *Attorneys for Plaintiff State of Illinois* |
| 6 | DAN RAYFIELD |
| | *Attorney General, State of Oregon* |
| 7 | |
| | /s/ Carla A. Scott |
| 8 | CARLA A. SCTOTT, WSBA #39947 |
| | Senior Assistant Attorney General |
| 9 | Oregon Department of Justice |
| | 100 SW Market Street |
| 10 | Portland, OR 97201 |
| | (971) 673-1880 |
| 11 | Carla.A.Scott@doj.oregon.gov |
| 12 | *Attorneys for Plaintiff State of Oregon* |

[PROPOSED] TEMPORARY RESTRAINING ORDER
CASE NO. 2:25-CV-00127

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744