**POLOZOLA DECLARATION**

**EXHIBIT 4**

UNCLASSIFIED (U)

# 8 FAM 300
# U.S. CITIZENSHIP AND NATIONALITY

## 8 FAM 301
## U.S. CITIZENSHIP

### 8 FAM 301.1
### ACQUISITION BY BIRTH IN THE UNITED STATES

*(CT:CITZ-50;   01-21-2021)*
*(Office of Origin:  CA/PPT/S/A)*

## 8 FAM 301.1-1  INTRODUCTION

*(CT:CITZ-50;   01-21-2021)*

a. U.S. citizenship may be acquired either at birth or through naturalization subsequent to birth.  U.S. laws governing the acquisition of citizenship at birth embody two legal principles:

(1) Jus soli (the law of the soil) - a rule of common law under which the place of a person's birth determines citizenship.  In addition to common law, this principle is embodied in the 14th Amendment to the U.S. Constitution and the various U.S. citizenship and nationality statutes; and

(2) Jus sanguinis (the law of the bloodline) - a concept of Roman or civil law under which a person's citizenship is determined by the citizenship of one or both parents.  This rule, frequently called "citizenship by descent" or "derivative citizenship", is not embodied in the U.S. Constitution, but such citizenship is granted through statute.  As U.S. laws have changed, the requirements for conferring and retaining derivative citizenship have also changed.

b. National vs. citizen:  While most people and countries use the terms "citizenship" and "nationality" interchangeably, U.S. law differentiates between the two.  Under current law all U.S. citizens are also U.S. nationals, but not all

U.S. nationals are U.S. citizens. The term "national of the United States", as defined by statute (INA 101 (a)(22) (8 U.S.C. 1101(a)(22)) includes all citizens of the United States, and other persons who owe allegiance to the United States but who have not been granted the privilege of citizenship:

(1) Nationals of the United States who are not citizens owe allegiance to the United States and are entitled to the consular protection of the United States when abroad, and to U.S. documentation, such as U.S. passports with appropriate endorsements. They are not entitled to voting representation in Congress and, under most state laws, are not entitled to vote in Federal, State, or local elections except in their place of birth. (See 7 FAM 012 and 7 FAM 1300 Appendix B Endorsement 09.);

(2) Historically, Congress, through statutes, granted U.S. non-citizen nationality to persons born or inhabiting territory acquired by the United States through conquest or treaty. At one time or other natives and certain other residents of Puerto Rico, the U.S. Virgin Islands, the Philippines, Guam, and the Panama Canal Zone **were** U.S. non-citizen nationals. (See 7 FAM 1120 and 7 FAM 1100 Appendix P.);

(3) Under current law, only persons born in American Samoa and Swains Island are U.S. non-citizen nationals (INA 101(a)(29) (8 U.S.C. 1101(a)(29) and INA 308(1) (8 U.S.C. 1408)). (See 7 FAM 1125.); and

(4) See 7 FAM 1126 regarding the citizenship/nationality status of persons born on the Commonwealth of the Northern Mariana Islands (CNMI).

c. Naturalization – Acquisition of U.S. Citizenship Subsequent to Birth: Naturalization is "the conferring of nationality of a State upon a person after birth, by any means whatsoever" (INA 101(a)(23) (8 U.S.C. 1101(a)(23)) or conferring of citizenship upon a person (see INA 310, 8 U.S.C. 1421 and INA 311, 8 U.S.C. 1422). Naturalization can be granted automatically or pursuant to an application. (See 7 FAM 1140.)

d. "Subject to the Jurisdiction of the United States": All children born in and subject, at the time of birth, to the jurisdiction of the United States acquire U.S. citizenship at birth even if their parents were in the United States illegally at the time of birth:

(1) The U.S. Supreme Court examined at length the theories and legal precedents on which the U.S. citizenship laws are based in U.S. v. Wong Kim Ark, 169 U.S. 649 (1898). In particular, the Court discussed the types of persons who are subject to U.S. jurisdiction. The Court affirmed that a child born in the United States to Chinese parents acquired U.S. citizenship even though the parents were, at the time, racially ineligible for naturalization;

(2) The Court also concluded that: "The 14th Amendment affirms the ancient and fundamental rule of citizenship by birth within the territory, in the allegiance and under the protection of the country, including children here born of resident aliens, with the exceptions or qualifications (as old as the rule itself) of children of foreign sovereigns or their ministers, or born on

foreign public ships, or of enemies within and during a hostile occupation of part of our territory, and with the single additional exception of children of members of the Indian tribes owing direct allegiance to their several tribes. The Amendment, in clear words and in manifest intent, includes the children born within the territory of the United States, of all other persons, of whatever race or color, domiciled within the United States." Pursuant to this ruling:

(a) Acquisition of U.S. citizenship generally is not affected by the fact that the parents may be in the United States temporarily or illegally; and that; and

(b) A child born in an immigration detention center physically located in the United States is considered to have been born in the United States and be subject to its jurisdiction. This is so even if the child's parents have not been legally admitted to the United States and, for immigration purposes, may be viewed as not being in the United States.

# 8 FAM 301.1-2  WHAT IS BIRTH "IN THE UNITED STATES"?

*(CT:CITZ-45;   12-09-2020)*

a. INA 101(a)(38) (8 U.S.C. 1101 (a)(38)) provides that "the term 'United States,' when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States."

b. On November 3, 1986, Public Law 94-241, "approving the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America", (Section 506(c)),took effect. From that point on, the Northern Mariana Islands have been treated as part of the United States for the purposes of INA 301 (8 U.S.C. 1401) and INA 308 (8 U.S.C. 1408) (see 8 FAM 302.1)

c. The Nationality Act of 1940 (NA), Section 101(d) (54 Statutes at Large 1172) (effective January 13, 1941 until December 23, 1952) provided that "the term 'United States' when used in a geographical sense means the continental United States, Alaska, Hawaii, Puerto Rico, and the Virgin Islands of the United States." The 1940 Act did not include Guam or the Northern Mariana Islands as coming within the definition of "United States."

> See the text of the 1940 Act on the Intranet, Acquisition of Citizenship, Legal and Regulatory Documents.

d. Prior to January 13, 1941, there was no statutory definition of "the United States" for citizenship purposes. The phrase "in the United States" as used in Section 1993 of the Revised Statues of 1878 clearly includes states that have been admitted to the Union (see 8 FAM 102.2).

e. INA 304 (8 U.S.C. 1404) and INA 305 (8 U.S.C. 1405) provide a basis for citizenship of persons born in Alaska and Hawaii, respectively, while they were territories of the United States.

# 8 FAM 301.1-3  NOT INCLUDED IN THE MEANING OF "IN THE UNITED STATES"

*(CT:CITZ-1;   06-27-2018)*

a. Birth on U.S. Registered Vessel On High Seas or in the Exclusive Economic Zone:  A U.S.-registered or documented ship on the high seas or in the exclusive economic zone is not considered to be part of the United States.  Under the law of the sea, an Exclusive Economic Zone (EEZ) is a maritime zone over which a State has special rights over the exploration and use of natural resources.  The EEZ extends up to 200 nautical miles from the coastal baseline.  A child born on such a vessel does not acquire U.S. citizenship by reason of the place of birth (Lam Mow v. Nagle, 24 F.2d 316 (9th Cir., 1928)).

> **NOTE**:  This concept of allotting nations EEZs to give better control of maritime affairs outside territorial limits gained acceptance in the late 20th century and was given binding international recognition by the United Nations Convention on the Law of the Sea (UNCLOS) in 1982.
>
> Part V, Article 55 of the Convention states:
>
> Specific legal regime of the EEZ:
>
> The EEZ is an area beyond and adjacent to the territorial sea, subject to the specific legal regime established in this Part, under which the rights and jurisdiction of the coastal State and the rights and freedoms of other States are governed by the relevant provisions of this convention.

b. A U.S.-registered aircraft outside U.S. airspace is not considered to be part of U.S. territory.  A child born on such an aircraft outside U.S. airspace does not acquire U.S. citizenship by reason of the place of birth.

> **NOTE**:  The United States of America is not a party to the U.N. Convention on Reduction of Statelessness (1961).  Article 3 of the Convention does not apply to the United States.  Article 3 provides
>
> > "For the purpose of determining the obligations of Contracting States under this Convention, birth on a ship or in an aircraft shall be deemed to have taken place in the territory of the State whose flag the ship flies or in the territory of the State in which the aircraft is registered, as the case may be."
>
> This is a frequently asked question.

c. Birth on U.S. military base outside of the United States or birth on U.S. embassy or consulate premises abroad:

(1)  Despite widespread popular belief, U.S. military installations abroad and U.S. diplomatic or consular facilities abroad are not part of the United

States within the meaning of the 14th Amendment.  A child born on the premises of such a facility is not born in the United States and does not acquire U.S. citizenship by reason of birth;

(2)  The status of diplomatic and consular premises arises from the rules of law relating to immunity from the prescriptive and enforcement jurisdiction of the receiving State; the premises are not part of the territory of the United States of America.  (See Restatement (Third) of Foreign Relations Law, Vol. 1, Sec. 466, Comment a and c (1987).  See also, Persinger v. Iran, 729 F.2d 835 (D.C. Cir. 1984).

d. Birth on foreign ships in foreign government non-commercial service:

(1)  A child born on a foreign merchant ship or privately owned vessel in U.S. internal waters is considered as having been born subject to the jurisdiction of the United States.  (See U.S. v. Wong Kim Ark.); and

(2)  Foreign warships, naval auxiliaries, and other vessels or aircraft owned or operated by a State and used for governmental non-commercial service are not subject to jurisdiction of the United States.  Persons born on such vessels while in U.S. internal waters (or, of course, anywhere else) do not acquire U.S. citizenship by virtue of place of birth.

e. Alien enemies during hostile occupation:

(1)  If part of the United States were occupied by foreign armed forces against the wishes of the United States, children born to enemy aliens in the occupied areas would not be subject to U.S. jurisdiction and would not acquire U.S. citizenship at birth; and

(2)  Children born to persons other than enemy aliens in an area temporarily occupied by hostile forces would acquire U.S. citizenship at birth because sovereignty would not have been transferred to the other country.  (See U.S. v. Wong Kim Ark.)

# 8 FAM 301.1-4  BIRTH IN U.S. INTERNAL WATERS AND TERRITORIAL SEA

*(CT:CITZ-50;   01-21-2021)*

a. Persons born on ships located within U.S. internal waters (except as provided in 8 FAM 301.1-3) are considered to have been born in the United States.  Such persons will acquire U.S. citizenship at birth if they are subject to the jurisdiction of the United States.  Internal waters include the ports, harbors, bays, and other enclosed areas of the sea along the U.S. coast.  As noted above, a child born on a foreign merchant ship or privately owned vessel in U.S. internal waters is considered as having been born subject to the jurisdiction of the United States.  (See U.S. v. Wong Kim Ark.)

b. Twelve Nautical Mile Limit:  The territorial sea of the United States was formerly three nautical miles.  (See, e.g., Cunard S.S. Co. v Mellon, 262 U.S. 100, 122, 43 S. Ct. 504, 67 L. Ed. 894 (1923).)  However, the three-mile rule

was changed by a Presidential Proclamation in 1988, implementing the territorial-sea provision of the 1982 U.N. Convention on the Law of the Sea. (Presidential Proclamation 5928, signed December 27, 1988, published at 54 Federal Register 777, January 9, 1989.)  As decreed by that Proclamation, the territorial sea of the United States henceforth extends to 12 nautical miles from the baselines of the United States determined in accordance with international law.  (The Proclamation also stated that the jurisdiction of the United States extends to the airspace over the territorial sea.)  (See Gordon, Immigration Law and Procedure, Part 8 Nationality and Citizenship, 92.03(2)(b) territorial limits.)

c.  FAM guidance up until 1995 (7 FAM 1116.1-2  In U.S. Waters TL:CON-64; 11-30-95) advised that persons born within the 3-mile limit of the U.S. territorial sea were born "within the United States" and could be documented as U.S. citizens if they were also born subject to U.S. jurisdiction.  Some commentators took this view as well, such as Gordon.  Analysis of this issue undertaken in 1994-1995 revealed, however, that there is a substantial legal question whether persons born outside the internal waters of the United States but within the territorial sea are in fact born "within the United States" for purposes of the 14th Amendment and the INA.

d.  Cases involving persons born outside the internal waters but within the U.S. territorial sea, must be referred to AskPPTAdjudication@state.gov for coordination with L/CA, L/OES, and other appropriate offices within the United States government.

> *NOTE:  This is not a public-facing e-mail address and public inquiries will not be replied to.*

# 8 FAM 301.1-5  WHAT IS BIRTH IN U.S. AIRSPACE?

*(CT:CITZ-45;   12-09-2020)*

a.  Under international law, the limits of a country's sovereign airspace correspond with the extent of its territorial sea.  The outer limit of the territorial sea of the United States is 12 nautical miles from the coastline.  Airspace above the land territory, internal waters, and territorial sea is considered to be part of the United States (Presidential Proclamation 5928, signed December 27, 1988, published at 54 Federal Register 777, January 9, 1989).

b.  Comments on the applicability of the 14th Amendment to vessels and planes, are found in Gordon, Immigration Law and Procedure, Part 8, Nationality and Citizenship, Chapter 92, 92.03 (New York:  Matthew Bender, 2007).  This volume states:

> "The rules applicable to vessels obviously apply equally to airplanes.  Thus a child born on a plane in the United States or flying over its territory would acquire United States citizenship at birth."

c.  Under the 1944 Convention on International Civil Aviation, articles 17–21, all aircraft have the nationality of the State in which they are registered, and may not have multiple nationalities.  For births, the nationality law of the aircraft's "nationality" may be applicable, and for births that occur in flight while the aircraft is not within the territory or airspace of any State, it is the only applicable law that may be pertinent regarding acquisition of citizenship by place of birth.  However, if the aircraft is in, or flying over the territory of another State, that State may also have concurrent jurisdiction.

d. Cases of citizenship of persons born on planes in airspace above the United States land territory or internal waters may be adjudicated by passport specialists at domestic passport agencies and centers or consular officers at posts abroad in accordance with 8 FAM 301.1-6.

e. Cases of persons born on planes in airspace outside the 12 nautical mile limit would be adjudicated as a birth abroad under INA 301 (8 U.S.C. 1401) or INA 309 (8 U.S.C. 1409) as made applicable by INA 301(g).

f. Cases of persons born on a plane in airspace above the U.S. territorial sea (12 nautical mile limit) must be referred to AskPPTAdjudication@state.gov for consultation with L/CA.


# 8 FAM 301.1-6  DOCUMENTING BIRTH IN U.S. WATERS AND U.S. AIRSPACE

*(CT:CITZ-1;  06-27-2018)*

a. Proof of birth in U.S. internal waters or U.S. airspace consists of a U.S. birth certificate certified by the issuing authority in the U.S. jurisdiction.

b. There is no U.S. Federal law governing the report of such births.

c.  Generally speaking, U.S. Customs and Border Protection (CBP) would require some documentation of the birth, generally an excerpt of the ship's/aircraft's medical log or master/captain's log, reflecting the time, latitude, and longitude when the birth occurred.

d. For ships/aircraft in-bound for the United States, the parents would then be responsible for reporting the birth to the civil authorities in the U.S. jurisdiction where the vessel put into port.  (See the Centers for Disease Control and Prevention (CDC) publication "Where to Write for Birth Certificates.")

   (1)  The parents will have to contact the state vital records office to determine the exact procedures for report such a birth;

   (2)  Parents should obtain a certified copy of the ship's medical log, airplane's log, or other statement from the attending physician or other attendant and attempt to obtain information on how to contact attendants in the future should further questions arise;

(3) If the mother and child were immediately taken to a U.S. hospital, authorities there may be of assistance in facilitating contact with the appropriate state authorities; and

(4) It is unlikely that the vital records office in the parents' state of residence will issue such a birth certificate.  Parents may be redirected to the vital records office in the state where the ship first put into port after the birth of the child.

# 8 FAM 301.1-7  NATIVE AMERICANS AND ESKIMOS

*(CT:CITZ-1;   06-27-2018)*

a. Before U.S. v. Wong Kim Ark, the only occasion on which the Supreme Court had considered the meaning of the 14th Amendment's phrase "subject to the jurisdiction" of the United States was in Elk v. Wilkins, 112 U.S. 94 (1884).  That case hinged on whether a Native American who severed ties with the tribe and lived among whites was a U.S. citizen and entitled to vote.  The Court held that the plaintiff had been born subject to tribal rather than U.S. jurisdiction and could not become a U.S. citizen merely by leaving the tribe and moving within the jurisdiction of the United States.  The Court stated that:  "The Indian tribes, being within the territorial limits of the United States, were not, strictly speaking, foreign States; but they were alien nations, distinct political communities, with whom the United States might and habitually did deal through treaties or acts of Congress.  They were never deemed citizens of the United States except under explicit provisions of treaty or statute to that effect, either declaring a certain tribe, or such members of it as chose to remain behind on the removal of the tribe westward, to be citizens, or authorizing individuals of particular tribes to become citizens upon application for naturalization."

b. The Act of June 2, 1924 was the first comprehensive law relating to the citizenship of Native Americans.  It provided:  That all non-citizen Indians born within the territorial limits of the United States be, and they are hereby, declared to be citizens of the United States:  Provided, That the granting of such citizenship shall not in any manner impair or otherwise affect the right of any Indian to tribal or other property.

c. Section 201(b) NA, effective January 13, 1941, declared that persons born in the United States to members of an Indian, Eskimo, Aleutian, or other aboriginal tribe were nationals and citizens of the United States at birth.

d. INA 301(b) (8 U.S.C. 1401(b)) (formerly INA 301(a)(2)), in effect from December 24, 1952, restates this provision.

# 8 FAM 301.1-8  FOUNDLINGS

*(CT:CITZ-1;  06-27-2018)*

a. Under INA 301(f) (8 U.S.C. 1401(f)) (formerly Section 301(a)(6)) INA), a child of unknown parents is conclusively presumed to be a U.S. citizen if found in the United States when under 5 years of age, unless foreign birth is established before the child reaches age 21.

b. Under Section 201(f) of the Nationality Act of 1940, a child of unknown parents, found in the United States, was presumed to have been a U.S. citizen at birth until shown not to have been born in the United States no matter at what age this might have been demonstrated.

**UNCLASSIFIED (U)**