THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | CASE NO. C25-0127-JCC |
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| v. | |
| DONALD TRUMP, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the emergency Motion for a Temporary Restraining Order filed by the States of Washington, Arizona, Illinois, and Oregon (Plaintiff States) (Dkt. No. 10). The Plaintiff States challenge an Executive Order issued January 20, 2025, by President Trump, entitled "Protecting the Meaning and Value of American Citizenship." Having considered the motion, Defendants' response, if any, and the argument of the parties, if any, the Court GRANTS the Plaintiff States' emergency motion for a 14-day Temporary Restraining Order effective at 11:00 AM on January 23, 2025. The Court enters the following findings of fact and conclusions of law.

## II. FINDINGS OF FACTS

1. Plaintiff States face irreparable injury as a result of the signing and implementation of the Executive Order. The Order harms the Plaintiff States directly by forcing state agencies to

TEMPORARY RESTRAINING ORDER
C25-0127-JCC
PAGE - 1

lose federal funding and incur substantial costs to provide essential and legally required medical care and social services to resident children subject to the Order. Plaintiff States' residents are also irreparably harmed by depriving them of their constitutional right to citizenship and all the associated rights and benefits, including: subjecting them to risk of deportation and family separation; depriving them of access to federal funding for medical care and eligibility for basic public benefits that prevent child poverty and promote child health; and impacting their education, employment, and health.

2. These harms are immediate, ongoing, and significant, and cannot be remedied in the ordinary course of litigation.

3. A temporary restraining order against Defendants, as provided below, is necessary until the Court can consider Plaintiff States' forthcoming motion for a preliminary injunction.

### III. CONCLUSIONS OF LAW

1. The Court has jurisdiction over Defendants and the subject matter of this action.

2. Plaintiffs' efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65(b).

3. The Court deems no security bond is required under Rule 65(c).

4. Plaintiffs have standing to bring this suit. Plaintiffs have made a sufficient showing of concrete and imminent economic injury. If Plaintiffs cannot treat birthright citizens as precisely that—citizens—then they will lose out on federal funds for which they are otherwise currently eligible. *Department of Commerce v. New York*, 588 U.S. 752, 767 (2019). That is a sufficiently concrete and imminent injury to satisfy Article III standing. *Id.* Plaintiffs also have standing to challenge the Order because of the new and ongoing operational costs they allege. *City and Cnty. of San Francisco v. United States Citizenship and Immigration Servs.*, 944 F.3d 773, 787–88 (9th Cir. 2019).

5. To obtain a temporary restraining order, the Plaintiff States must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary

relief; (3) the balance of equities tips in the Plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).

    6.    There is a strong likelihood that Plaintiffs will succeed on the merits of their claims that the Executive Order violates the Fourteenth Amendment and Immigration and Nationality Act. *See United States v. Wong Kim Ark*, 169 U.S. 649, 694–99 (1898); *Regan v. King*, 49 F. Supp. 222, 223 (N.D. Cal. 1942), *aff'd*, 134 F.2d 413 (9th Cir. 1943), *cert denied*, 319 U.S. 753 (1943); *see also Gee v. United States*, 49 F. 146, 148 (9th Cir. 1892).

    7.    The Plaintiff States have also shown that they are likely to suffer irreparable harm in the absence of preliminary relief. The Executive Order will directly impact Plaintiff States, immediately increasing unrecoverable costs for providing essential medical care and social services to States's residents and creating substantial administrative burdens for state agencies that are forced to comply with the Order. (*See, e.g.*, Dkt. Nos. 14 at 12; 15 at 9; 25 at 5; 26 at 4, 6.) Moreover, the Plaintiff States will suffer immediate repercussions of the Order's mandates as described in its enforcement Section 3(a), (b).

    8.    The balance of equities tips toward the Plaintiff States and the public interest strongly weighs in favor of entering temporary relief.

## IV. TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ORDERED that:

1.    Defendants and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with them who receive actual notice of this order are hereby fully enjoined from the following:

    a.    Enforcing or implementing Section 2(a) of the Executive Order;

    b.    Enforcing or implementing Section 3(a) of the Executive Order; or

    c.    Enforcing or implementing Section 3(b) of the Executive Order.

2.    This injunction remains in effect pending further orders from this Court.

Dated this 11th hour of this 23 day of January 2025.

                                                      John C. Coughenour  
                                                    UNITED STATES DISTRICT JUDGE