THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> DONALD TRUMP, ET AL., <br><br> Defendants. | Case No.: *2:25-cv-00127* <br><br> MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INTERVENE BY WILLIAM NELSON |

COMES NOW, William James Nelson ("Movant"), proceeding pro se, and respectfully moves this Honorable Court for reconsideration of its order denying Movant's motion to intervene in the above-captioned case. Movant requests this Court reconsider its decision pursuant to Local Civil Rule 7(h) and presents the following arguments in support:

### I. INTRODUCTION

1. Movant is a United States citizen residing in the State of Washington with significant, distinct interests that are directly and adversely affected by the outcome of this litigation.

2. Movant seeks reconsideration to ensure that his unique interests as a U.S. citizen, taxpayer, and individual affected by constitutional interpretations of the Fourteenth Amendment are not overlooked in this matter.

### II. BASIS FOR RECONSIDERATION

**A. Misapprehension of Movant's Unique Interests**

3. Movant's interests are not aligned with those of the existing parties, which consist solely of government entities. Plaintiffs advocate for non-citizens—including illegal immigrants, tourist birthers, and children of foreign citizens—while Defendants focus on defending the executive order. Neither party represents the

MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INTERVENE BY WILLIAM NELSON - 1

WILLIAM NELSON
1523 132ND ST STE, C418
EVERETT, WA 98208
♦
(425) 800-8800
william@seattleseahawks.me

specific interests of U.S. citizens directly impacted by constitutional misinterpretations of the Fourteenth Amendment.

4. Movant's interest in this case extends beyond generalized taxpayer concerns. Movant is uniquely situated, as he suffers from cognitive disabilities, is directly affected by the allocation of public resources, and is denied equal protection and due process under the Fourteenth Amendment in contexts where the States claim such rights are infeasible for U.S. citizens while spending millions on behalf of non-citizens.

5. The current justice system, as it relates to equal protection and due process, has left many U.S. citizens disillusioned. As public confidence in fairness and justice erodes, it becomes critical for courts to address these systemic failures. Movant's exclusion from this case perpetuates a growing sense of alienation among ordinary Americans who feel ignored or betrayed by their government. The promises of the Fourteenth Amendment—to unify the nation under principles of fairness and justice—must be upheld to restore faith in the legal system.

6. By denying intervention, the Court inadvertently excludes the perspective of an individual citizen who is directly impacted by the outcome of this litigation. Such exclusion deepens the public perception that the courts prioritize procedural formalities and divisive political narratives over fairness and justice.

**B. Clarification of Movant's Legal Basis for Intervention**

7. Movant's claims share common questions of law and fact with the main action, specifically regarding the scope and interpretation of the Fourteenth Amendment and its application to public resource allocation and citizenship determinations.

8. Movant's inclusion would allow for counterclaims and arguments addressing the Plaintiffs' expansive interpretation of the Fourteenth Amendment, which prioritizes non-citizens at the expense of U.S. citizens.

9. Movant satisfies the requirements for intervention as of right under Rule 24(a)(2): a. **Timeliness**: Movant's motion was timely filed. b. **Significant Protectable Interest**: Movant's personal and economic interests in constitutional protections and resource allocation are directly implicated by this litigation. c. **Potential Impairment**: A ruling in favor of Plaintiffs would impair Movant's ability to safeguard his constitutional rights and ensure proper allocation of public funds. d. **Inadequate Representation**: Existing parties do not represent Movant's interests, as Plaintiffs focus on non-citizens and Defendants prioritize defending the

MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INTERVENE BY WILLIAM NELSON - 2

WILLIAM NELSON
1523 132ND ST STE, C418
EVERETT, WA 98208
♦
(425) 800-8800
william@seattleseahawks.me

executive order. There is no reason to believe that Movant's interests will be adequately protected by the present Defendants. The States' interests are adverse to Movant, and President Trump's defense focuses solely on the legality of his executive action, not Movant's personal rights and protections. As the Ninth Circuit has stated, "the applicant's interest is not adequately represented by the existing parties in the lawsuit." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSI/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

10. The government's broader interests often diverge from private parties. As noted in analogous cases, "[t]he interests of government and the private sector may diverge." When distinct duties or motives are present, representation cannot be presumed adequate. See *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972).

11. The Supreme Court has emphasized that "the identity of the parties to the suit is critical to a determination" of whether their interests are properly represented. See *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 430 (1976). The distinct identity of Movant as an individual citizen is essential to ensuring that personal constitutional protections are fully considered, especially where government entities focus on broader policy objectives.

12. Movant is uniquely positioned to present arguments and perspectives that diverge from both Plaintiffs and Defendants, addressing the practical and constitutional implications for individual citizens in ways that government parties cannot fully address.

**C. Addressing Procedural and Systemic Barriers**

13. Movant emphasizes that procedural barriers and the lack of representation in civil cases have created systemic inequities, denying many Americans access to justice. The courts' failure to prioritize the rights of U.S. citizens under the Fourteenth Amendment has fueled growing public discontent and alienation. By granting Movant's intervention, this Court has an opportunity to address these systemic failings and ensure the principles of equal protection and due process are meaningfully upheld.

\\

\\

MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INTERVENE BY WILLIAM NELSON - 3

WILLIAM NELSON
1523 132ND ST STE, C418
EVERETT, WA 98208
♦
(425) 800-8800
william@seattleseahawks.me

**D. Permissive Intervention**

14. In the alternative, Movant qualifies for permissive intervention under Rule 24(b), as his claims share common questions of law and fact with the main action. Movant's participation would contribute to the full development of the underlying factual and legal issues, ensuring a comprehensive resolution of constitutional questions.

15. Movant's involvement would not unduly delay or prejudice the adjudication of this case. Movant is prepared to comply with all procedural requirements and participate efficiently in these proceedings.

### III. ADDITIONAL SUPPORT BASED ON CASE PRECEDENT

16. **Timeliness**: Like in *Sullivan v. Ferguson*, where a motion was deemed timely because it was filed early in the litigation process, Movant's motion was filed at a preliminary stage of this case. No dispositive rulings have been made, and intervention will not delay proceedings.

17. **Common Questions of Law and Fact**: As in *Sullivan*, where the intervenor's claims overlapped with the primary action, Movant's arguments involve the same legal and constitutional questions regarding the Fourteenth Amendment and public resource allocation.

18. **Adequate Representation**: Following the principles in *Sullivan*, Movant argues that Defendants' focus on executive authority diverges from his personal constitutional interests. Movant's participation ensures no essential arguments are neglected.

19. **Unique Perspective**: Movant brings the distinct viewpoint of an individual U.S. citizen directly affected by the litigation's outcome. Similar to *Sullivan*, where the court acknowledged the value of unique expertise, Movant's insights into the impact of constitutional misinterpretations on citizens add depth to the case.

20. **Discretionary Factors**: The court in *Sullivan* used its discretion to allow permissive intervention, recognizing the intervenor's significant interest and lack of prejudice to existing parties. Movant's intervention likewise poses no risk of undue delay and contributes to a just resolution of critical constitutional questions.

21. **Broad Construction of Rule 24(a)**: The Ninth Circuit mandates that Rule 24(a) be construed liberally in favor of potential intervenors, guided by practical considerations rather than technical distinctions. See *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995); *United States v.*

MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INTERVENE BY WILLIAM NELSON - 4

WILLIAM NELSON
1523 132ND ST STE, C418
EVERETT, WA 98208
♦
(425) 800-8800
william@seattleseahawks.me

*Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986), vacated on other grounds sub nom. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987). Movant's intervention aligns with these principles, as his legally protectable interests are directly impacted by this case.

22. **Acceptance of Allegations as True**: Courts are required to accept as true the non-conclusory allegations made in support of a motion to intervene. See *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Chesapeake Bay Found. v. Am. Recovery Co.*, 769 F.2d 207, 209 n.* (4th Cir. 1985). Movant's well-pleaded allegations regarding inadequate representation, potential impairment, and protectable interests must therefore be taken at face value.

### IV. NOTICE OF INTENT TO APPEAL AND REQUEST FOR STAY

23. Should this Court deny Movant's Motion for Reconsideration, Movant intends to appeal the decision pursuant to the right to appeal a denial of a motion to intervene. See *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987); *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990), cert. denied sub nom. *Makah Indian Tribe v. United States*, 501 U.S. 1250 (1991).

24. Movant respectfully requests this Court issue a stay of proceedings pending the resolution of such an appeal to preserve the status quo and avoid irreparable harm to Movant's interests while the appeal is adjudicated.

### V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court reconsider its order denying his motion to intervene and grant intervention as of right under Rule 24(a), or, in the alternative, permissive intervention under Rule 24(b).

Respectfully submitted this 27th day of January 2025.

_____
WILLIAM NELSON
Defendant Pro Se
William Nelson
1523 132ND ST SE STE C418
Everett, WA 98208
william@seattleseahawks.me
425-800-8800 (mobile)
808-204-1401 (fax)

MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INTERVENE BY WILLIAM NELSON - 5