District Judge John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

        Plaintiffs,

        v.

DONALD J. TRUMP, in his official
capacity as President of the United States, *et al.*,

        Defendants.

CASE NO. C25-0127-JCC

MOTION TO STAY PRELIMINARY
INJUNCTION PENDING APPEAL

NOTE ON MOTION CALENDAR:
FEBRUARY 28, 2025

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-616-8098

## **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 62, Defendants respectfully move for a partial stay pending appeal of the Court's Order granting Plaintiffs' motions for preliminary injunction, ECF No. 114 (Order), entered on February 6, 2025, which entered a nationwide injunction prohibiting Defendants from implementing or enforcing Executive Order No. 14160, Protecting the Meaning and Value of American Citizenship (EO).  In particular, Defendants contend that the Court should stay its injunction in two ways, so that it provides relief to only those plaintiffs in this case who have made a sufficient showing of standing to entitle them to preliminary injunctive relief (*i.e.*, the named individual plaintiffs in the Consolidated Amended Complaint, ECF No. 106)  First, the Court should stay the injunction's application to the plaintiff states, who have not shown that they are likely to establish Article III standing and have not shown that the EO violates any of *their* rights as opposed to the rights of third parties.  And second, the Court should stay the injunction's nationwide application.

Defendants' arguments that the states lack standing and that nationwide relief is inappropriate are very likely to succeed on appeal.  The Supreme Court has recently rejected state standing arguments very similar to what the states have offered here, *see United States v. Texas*, 599 U.S. 670 (2023), and the Court's extension of relief to individuals across the nation who are not before this Court violates the well-established principle that judicial remedies "must be tailored to redress the plaintiff's particular injury."  *Gill v. Whitford*, 585 U.S. 48, 73 (2018).  The equities similarly weigh in favor of staying application of an injunction to parties

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC  20005
202-616-8098

1  who are not properly before the Court, and who cannot claim to be irreparably harmed from

2  the staying of an injunction to which they have not demonstrated their entitlement.

3      Defendants respectfully request a ruling by the close of business on Wednesday,

4  February 12, 2025.  After that time, if relief has not been granted, Defendants intend to seek

5  relief from the U.S. Court of Appeals for the Ninth Circuit.

6                                    **ARGUMENT**

7      Courts consider four factors in assessing a motion for stay pending appeal: (1) the

8  movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will

9  suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is

10  granted, and (4) the public interest.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987);

11  *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008).  When the government

12  is a party, its interests and the public interest "merge."  *Nken v. Holder*, 556 U.S. 418, 435

13  (2009).  Here, the significance of Defendants' arguments on appeal, together with the relevant

14  equitable considerations, weighs in favor of granting the partial stay pending appellate review

15  that Defendants have requested.

16  **I.    Defendants Are Likely To Prevail On The Merits Of Their Argument That The**
17         **Preliminary Injunction Should Be Limited In Scope.**

18      "At the preliminary injunction stage, the plaintiffs 'must make a clear showing of each

19  element of standing.'"  *LA All. for Hum. Rts. v. County of Los Angeles*, 14 F.4th 947, 956 (9th

20  Cir. 2021) (citation omitted); *see also, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)

21

22

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC  20005
202-616-8098

1  (to establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly

2  traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

3  favorable judicial decision").

4      1.      As Defendants have explained, the state plaintiffs have failed to carry this burden

5  here.  *See* Defs.' Opp'n to Pls.' Mots. for Prelim. Inj. at 7-13, ECF No. 84 (Defs.' PI Opp'n).

6  Fundamentally, their asserted economic harms are the "indirect effects on state revenues or

7  state spending" of federal immigration policy, which the Supreme Court has held does not

8  support Article III standing.  *See Texas*, 599 U.S. at 680 n.3.  *Biden v. Nebraska*, 143 S. Ct.

9  2355 (2023), on the other hand, dealt with a federal policy that would have directly deprived

10  a state government corporation of ongoing fees that it would otherwise continue earning under

11  a federal contract.  Defendants respectfully submit that it is *Texas*, which the Court did not

12  address in assessing the states' standing, that should control the standing analysis in this case.

13      The Court similarly did not acknowledge or rebut Defendants' argument that the states

14  lack third-party standing to assert Citizenship Clause claims on behalf of their residents, much

15  less the residents of other states.  *See* Defs.' PI Opp'n at 11-13.  Even assuming the states had

16  made an adequate showing of direct economic injury to support Article III standing (which

17  they have not), this argument would provide an independent basis to deny their Citizenship

18  Clause claim.  A plaintiff "cannot rest his claim to relief on the legal rights or interests of third

19  parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  For the same reason that states lack

20  standing to assert claims that individuals' Due Process and Equal Protection rights are harmed,

21

22

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-4

*see South Carolina v. Katzenbach*, 383 U.S. 301, 323-24 (1966); *Haaland v. Brackeen*, 599 U.S. 255, 294-95 (2023), they lack standing to assert that other individuals' rights under the Citizenship Clause are impaired. On this argument, too, Defendants are likely to succeed on appeal.

2.    Defendants are also likely to prevail on their argument that nationwide relief is improper. *See* Defs.' PI Opp'n at 44-45. A federal court may entertain a suit only by a plaintiff who has suffered a concrete "injury in fact," and the court may grant relief only to remedy "the inadequacy that produced [the plaintiff's] injury." *Gill*, 585 U.S. at 66 (citation omitted). Principles of equity reinforce those limitations, and "[u]niversal injunctions have little basis in traditional equitable practice." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring). Indeed, nationwide injunctions "take a toll on the federal court system," and "prevent[] legal questions from percolating through the federal courts." *Trump v. Hawaii*, 585 U.S. 667, 713 (2018) (Thomas, J., concurring). These general principles foreclose any relief in this case to anyone not properly before the Court, *i.e.*, anyone other than the named individual plaintiffs who, for present purposes at least, have made a sufficient showing of Article III standing to obtain emergency preliminary relief.

In nonetheless fashioning nationwide relief, the Court noted that a geographically limited injunction would be "ineffective" because of the possibility that "babies born in other states would travel to the Plaintiff States" and necessitate state funding. Order at 12. But the mere prospect of such remote future impacts on state revenue streams is insufficient to justify

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC  20005
202-616-8098

the breadth of the Court's order here, which prevents implementation or enforcement *anywhere* in the United States.  Particularly in this preliminary injunction posture, the remote concern that babies will be born after the effective date of the EO but also move into the plaintiff states while this case is pending is too speculative to justify such sweeping relief.  It is not necessary to provide complete relief to the plaintiff states, whose claimed injuries would be substantially remedied by an order that provided relief only within their borders (assuming that they were proper parties, which again they are not).  *Cf. Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).  This is particularly so when the injunction covers states who asked this Court not to issue an injunction.  *See* ECF No. 89-1 (amicus brief filed by 18 states supporting Defendants' position); *Arizona v. Biden*, 31 F.4th 469, 484 (6th Cir. 2022) (Sutton, J., concurring) ("Nationwide injunctions … sometimes give States victories they do not want.").

## II.    The Balance Of Equities, Including The Irreparable Harm Defendants Will Suffer, Favors A Stay.

The balance of the equities likewise favor limiting injunctive relief to the individual named plaintiffs in this case and not extending it to (1) states who are not proper parties to bring the claims at issue here and (2) all individuals nationwide who are not proper parties before this Court.  Such overbroad relief conflicts with the principles articulated above and allows "one district court [to] make a binding judgment for the entire country."  *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021).  That is especially inappropriate here: as evidenced by the amicus participation in this case, the Citizenship Clause interpretation forwarded by

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-6

1   these plaintiffs is not uniformly accepted throughout the country. *See, e.g.*, ECF No. 89-1

2   (amicus brief filed by 18 states supporting Defendants' position).

3        In addition, an injunction that prevents the President from carrying out his broad

4   authority over immigration matters is "an improper intrusion by a federal court into the

5   workings of a coordinate branch of the Government." *INS v. Legalization Assistance Project*

6   *of L.A. County Fed'n of Lab.*, 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers).

7   Indeed, an injunction that prevents the President from exercising his core authorities is "itself

8   an irreparable injury." *Doe #1 v. Trump*, 957 F.3d 1050, 1084 (9th Cir. 2020) (Bress, J.,

9   dissenting) (citing *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers).

10        The injunction causes further harm to the Defendants because its breadth and timing—

11   applying to all implementation and enforcement and extending a temporary restraining order

12   that was entered just three days after the EO was issued—prevents (and has prevented) the

13   executive branch as a whole from even beginning the process of formulating relevant policies

14   and guidance for implementing the EO. If Defendants are successful on their appeal and the

15   EO is eventually allowed to take effect, but the injunction is not stayed in its overbroad

16   applications while that appeal is pending, the Defendants will be unable to make necessary

17   advance preparations and the ultimate implementation of the EO will be delayed. Such a delay

18   in effectuating a policy enacted by a politically accountable branch of the government imposes

19   its own "form of irreparable injury." *King*, 567 U.S. at 1303 (Roberts, C.J., in chambers)

20   (citation omitted). This is especially harmful in this context where, as Defendants have

21

22

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-616-8098

explained, the challenged EO is part of a larger immigration policy designed to combat the "significant threats to national security and public safety" posed by unlawful immigration. *See* Defs.' PI Opp'n at 4.

## CONCLUSION

For the foregoing reasons, and for all the reasons stated in Defendants' opposition to Plaintiffs' motions for preliminary injunction, Defendants respectfully request that this Court stay its preliminary injunction to the extent it extends beyond the named individual plaintiffs in this consolidated action.  Defendants respectfully request a ruling on this motion no later than the close of business on February 12, 2025, after which time Defendants intend to seek relief from the Ninth Circuit.

DATED this 7th day of February, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar No. 89400)
YURI S. FUCHS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-8

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-616-8098

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Washington, DC 20005
Phone: (202) 616-8098
Fax: (202) 616-8460
Email: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 1,767
words, in compliance with the Local Civil Rules.*

Motion to Stay Preliminary Injunction Pending Appeal
C25-0127-JCC-9

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-616-8098