FILED

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF WASHINGTON; et al.,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>DONALD J. TRUMP; et al.,<br><br>        Defendants - Appellants,<br><br>------------------------------------<br><br>JAMES DANIEL JORDAN; et al.,<br><br>        Amici Curiae. | No. 25-807<br><br>D.C. No.<br>2:25-cv-00127-JCC<br>Western District of Washington, Seattle<br><br>ORDER |

Before: CANBY, M. SMITH, and FORREST, Circuit Judges.
Order by Judges CANBY and M. SMITH; Concurrence by Judge FORREST.

      Appellants have not made a "strong showing that [they are] likely to succeed on the merits" of this appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The emergency motion (Docket Entry No. 21) for a partial stay of the district court's February 6, 2025 preliminary injunction is denied.

      The existing briefing schedule remains in effect. The clerk will place this case on the calendar for June 2025. *See* 9th Cir. Gen Ord. 3.3(f).

1  Washington et. al. v. Trump, et al., No. 25-807

2  Forrest, C.J., concurring.

3      The Government has presented its motion for a stay pending appeal on an
4  *emergency* basis, asserting that it needs the relief it seeks by February 20. Thus, the
5  first question that we must ask in resolving this motion is whether there is an
6  emergency that requires an immediate answer.

7      Granting relief on an emergency basis is the exception, not the rule. *Cf. Nken*
8  *v. Holder*, 556 U.S. 418, 427 (2009) (noting that a non-emergency stay "is an
9  'intrusion into the ordinary processes of administration and judicial review,' and
10 accordingly 'is not a matter of right, even if irreparable injury might otherwise result
11 to the appellant.'" (citations omitted)); *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921,
12 934–35 (2024) (mem.) (Jackson, J., dissenting from grant of stay) ("Even when an
13 applicant establishes [the] highly unusual line-jumping justification [for a non-
14 emergency stay], we still must weigh the serious dangers of making consequential
15 decisions 'on a short fuse without benefit of full briefing and oral argument.'"
16 (citations omitted)). Neither the Federal Rules of Civil Procedure nor the Federal
17 Rules of Appellate Procedure address what a party must show to warrant immediate
18 equitable relief. *Cf.* Fed. R. Civ. P. 62(g)(1); Fed. R. App. P. 8(a)(2)(D); Fed. R.
19 App. P. 27(c). Nor do the "traditional" stay factors that we analyze when considering
20 whether to grant a stay pending appeal. *See Nken*, 556 U.S. at 425–26. But this

court's rules provide some guidance. Ninth Circuit Rule 27-3, which governs emergency motions, provides that "[i]f a movant needs relief within 21 days to avoid irreparable harm, the movant must," among other things, "state the facts showing the existence and nature of the claimed emergency." If the movant fails to demonstrate that irreparable harm will occur immediately, emergency relief is not warranted, and there is no reason to address the merits of the movant's request.

Here, the Government has not shown that it is entitled to immediate relief. Its sole basis for seeking emergency action from this court is that "[t]he district court has . . . stymied the implementation of an Executive Branch policy . . . nationwide for almost three weeks." That alone is insufficient. It is routine for both executive and legislative policies to be challenged in court, particularly where a new policy is a significant shift from prior understanding and practice. *E.g.*, *West Virginia v. EPA*, 597 U.S. 697 (2022); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1 (2020); *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012). And just because a district court grants preliminary relief halting a policy advanced by one of the political branches does not in and of itself an emergency make. A controversy, yes. Even an important controversy, yes. An emergency, not necessarily.

To constitute an emergency under our Rules, the Government must show that its inability to implement the specific policy at issue creates a serious risk of irreparable harm within 21 days. The Government has not made that showing here.

1    Nor do the circumstances themselves demonstrate an obvious emergency where it
2    appears that the exception to birthright citizenship urged by the Government has
3    never been recognized by the judiciary, *see United States v. Wong Kim Ark*, 169 U.S.
4    649, 693 (1898), and where executive-branch interpretations before the challenged
5    executive order was issued were contrary, *see, e.g.,* Walter Dellinger, Assistant
6    Attorney General, Office of Legal Counsel, *Legislation Denying Citizenship at Birth*
7    *to Certain Children Born in the United States*, 19 O.L.C. 340, 340–47 (1995).

8         To be clear, I am saying nothing about the merits of the executive order or
9    how to properly interpret the Fourteenth Amendment. I merely conclude that,
10   whatever the merits of the parties' respective positions on the issues presented, the
11   Government has not shown it is entitled to immediate relief from a motions panel
12   before assignment of the case to a merits panel. That said, the nature of this case and
13   the issues it raises does warrant expedited scheduling for oral argument and
14   assignment to a merits panel. And our general orders expressly permit this option:
15   "In resolving an emergency motion to grant or stay an injunction pending appeal,
16   the motions panel may set an accelerated briefing schedule for the merits of the
17   appeal, order the case on to the next available argument calendar . . . , or order the
18   case on to a specified argument calendar." 9th Cir. General Order 6.4(b).

19        Aside from the legal standard governing emergency relief, three prudential
20   reasons support not addressing the merits of the Government's motion for a stay at

3

1  this point. First, under our precedent, the decision of a motions panel, even if

2  published, is not binding on the future merits panel. In *East Bay Sanctuary Covenant*

3  *v. Biden*, we held that "[t]he published motions panel order may be binding as

4  precedent for other panels deciding the same issue" at the motions stage, but it is not

5  binding on the merits panel in the same case "because the issues are different" as

6  presented in a motion to stay and in the underlying appeal of a preliminary

7  injunction. 993 F.3d 640, 660 (9th Cir. 2021). A motions panel resolving a motion

8  to stay "is predicting the likelihood of success of the appeal" whereas the "merits

9  panel is deciding the likelihood of success of the actual litigation." *Id.* This is a fine,

10 but important, distinction that has implications for the parties and the court. Because

11 the procedural context informs the questions to be answered, "we do not apply the

12 law of the case doctrine as strictly." *Mi Familia Vota v. Fontes*, 111 F.4th 976, 980

13 n.1 (9th Cir. 2024) (quoting *United States v. Houser*, 804 F.2d 565, 568 (9th Cir.

14 1986), *abrogated on other grounds by Christianson v. Cold Indus. Operating Corp.*,

15 486 U.S. 800 (1988)). Therefore, anything a motions panel says about the merits of

16 any of the issues presented in a motion for stay pending appeal is, on a very practical

17 level, wasted effort.

18      Second, as a motions panel, we are not well-suited to give full and considered

19 attention to merits issues. Take this case. The Government filed its emergency

20 motion for a stay on February 12, requesting a decision by February 20—just over a

week later. We ordered a responsive brief from the Plaintiff States by February 18, and an optional reply brief from the Government by February 19—one day before the Government asserts it needs relief. This is not the way reviewing courts normally work. We usually take more time and for good reason: our duty is to "act responsibly," not dole out "justice on the fly." *East Bay Sanctuary Covenant*, 993 F.3d at 661 (citation omitted). We must make decisions based on reasoned judgment, not gut reaction. And this requires understanding the facts, the arguments, and the law, and how they fit together. *See TikTok Inc. v. Garland*, 604 U.S. ---, 145 S. Ct. 57, 63 (2025) (observing that courts should be particularly cautious in cases heard on an expedited basis); *id.* at 75 (Gorsuch, J., concurring) ("Given just a handful of days after oral argument to issue an opinion, I cannot profess the kind of certainty I would like to have about the arguments and record before us."). Deciding important substantive issues on one week's notice turns our usual decision-making process on its head. We should not undertake this task unless the circumstances dictate that we must. They do not here.

       Third, and relatedly, quick decision-making risks eroding public confidence. Judges are charged to reach their decisions apart from ideology or political preference. When we decide issues of significant public importance and political controversy hours after we finish reading the final brief, we should not be surprised if the public questions whether we are politicians in disguise. In recent times, nearly

5

25-807

all judges and lawyers have attended seminar after seminar discussing ways to increase public trust in the legal system. Moving beyond wringing our hands and wishing things were different, one concrete thing we can do is decline to decide (or pre-decide) cases on an emergency basis when there is no emergency warranting a deviation from our normal deliberate practice.

* * * * *

I do not mean to suggest that emergency relief is never warranted. There are cases where quick action is necessary. But they are rare. There must be a showing that emergency relief is truly necessary to prevent immediate irreparable harm. The Government did not make that showing here, and, therefore, there is no reason for us to say anything about whether the factors governing the grant of a stay pending appeal are satisfied. The Government may seek the relief it wants from the merits panel who will be assigned to preside over this case to final disposition.

For these reasons, I concur in denying the Government's emergency motion for reasons different than relied on by the majority.