UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON; (STATE OF ARIZONA; STATE OF ILLINOIS; and STATE OF OREGON), Plaintiffs

2:25-cv-00127 JCC

Against

DONALD TRUMP, et al. Defendants
MARK MARVIN, Petitioner

### NOTICE OF AMENDED BRANZBURG V. HAYES MOTION

For the following reasons, his Amended Application under *Branzburg v. Hayes* (1972, 408 U.S. 665, 92 S.Ct. 2646) should come on before this honorable court (see: *Roberts v. U.S.* 1980, 445 U.S. 552, 557-58, 100 S.Ct. 1358, 1362, citing: *Branzburg v. Hayes*, 1972, 408 U.S. 665, 696, 92 S.Ct. 2646, 2664) and Complaint be dismissed. Petitioner says:

1, Plaintiffs seek Declaratory and Injunctive relief regarding defendants abandonment of unconstitutional practice of citizenship by accident of birth to mothers who are not citizens themselves. (Executive Order, January 20, 2025)

2, The Fourteenth Amendment Section 1 states "All persons born in the United States, and subject to the jurisdiction thereof, are citizens of the United States...." (owing allegiance)

3, Defendants contend that newborns would be "stripped of (accidental) citizenship" (Paragraph 3: 9). This is commonly called a "right" i.e. "birthright citizenship." Citizenship by birth provides for their "right to travel freely and re-enter the United States ...their right to vote, (the right) to serve on juries, and run for certain offices. (Paragraph 4) Plaintiffs describe rights to "fully and fairly be a part of American society as a (live) citizen with all its benefits and privileges.

4, Plaintiffs have expressed no concern for the non-aborted children and no plan to educate them in the advantages of "American society ... with all its benefits and privileges" so that they can responsibly vote, serve on juries, and run for certain offices."

5, Plaintiffs' real concern (Paragraph 5) is that "Plaintiff States will suffer immediate and irreparable harm by losing federal funding or reimbursement to programs...." (and that they vote "responsibly" for leftists who would have them aborted?)

6, Plaintiffs allude to almost every "right" except a "birthright right" to be born alive and not destroyed by an abortionist. For unfathomable reasons plaintiffs seek to protect every conceivable right of the newborn except the right of live birth as long as the non-aborted children grow up to vote for federal funding, etc. (vote responsibly for leftists)

7, Plaintiffs have expressed no desire to protect the right of an infant to be born alive, and consequently, their Complaint must be considered illogical, disingenuous, a hoax on the court and certainly not in the public interest and not justiciable.

(*CASA, INC. v. Trump, N.J.. v. Trump*)

8, Plaintiffs imply that rights are all or nothing, and have omitted e.g. the IRS Substantial presence test, where "you will be considered a United States resident for tax purposes if you meet the substantial presence test for the calendar year.
(To meet this test, you must be physically present in the United States (U.S.) on at least: 1, 31 days during the current year, and 2, 183 days during the 3-year period that includes the current year and the 2 years immediately before that, counting: All the days you were present in the current year, and 1/3 of the days you were present in the first year before the current year, and 1/6 of the days you were present in the second year before the current year.)

9, Plaintiff's public position is that birthright children should grow up with full rights of citizenship, but that they can be killed by abortion since birthright does not protect the birth right to be born alive and not killed by an abortionist, and this is a clear conflict of interest.

WHEREFORE, as Plaintiff's Complaint appears dishonest and a conflict of interest, and contrary to the public interest, the Fourteenth Amendment clause "subject to the jurisdiction thereof" (owing allegiance) should be understood as applicable to citizenship: live born and/or aborted children who are subject to jurisdiction thereof (*U.S. v. Wang Kim Ark,* (1898) 169 U.S. 649) and dismissed.

See: (birthright cases)
*Von Schwerdtner v. Piper,* D.C. Md, 23 F.2d 862, 863,
*U.S. v. Minoru Yasaui,* D.C. Ore, 48 Supp. 40, 54,
*Haaland v. Attorney General of U.S.,* D.C. Md., 42 F.Supp. 13, 22 (born outside US),
*U.S. Hester,* C.C.A., Okl, 137 F.2d 145, 147 (Indians),
*National Banks, Am. Surety v. Bank of Calif.,* C.C.A. Or, 133 F.2d 160, 162.

Affirmed as true on information and belief,

*(signature)*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693
April 06, 2025

To:

U.S. District Court, Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101

Nicholas Brown, Attorney General, 806 Fifth Ave. Suite 2000, Seattle Washington, 98104-3188

U.S. Attorney, Att.: Brad Rosenberg, U.S. Dept of Justice, Civil Division, Federal Programs, 1100 L. Street, NW, Washington D.C. 20005

*(signature)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, et al.   2:25-cv-00127 JCC
Plaintiffs

Against

DONALD TRUMP, et al. Defendants
MARK MARVIN, Petitioner

## MEMORANDUM OF LAW

CONFLICT OF INTEREST IN SUPPORT OF BIRTHRIGHT CITIZENSHIP OF INFANTS AS OPPOSED TO CONTRADICTORY, CONFLICT OF INTEREST SUPPORT OF ABORTION DEATH OF SAME INFANTS MAKES ADJUDICATION IMPOSSIBLE.

Plaintiff(s) has acted to promote statewide abortion (death) of infants he now claims to protect birthright rights of, except right to be born alive.

Under 32 CFR 776.26, an attorney shall not represent a client if that representation involves a concurrent conflict of interest which exists if there is significant risk that that representation of one or more clients will be materially limited by the covered attorney's responsibilities to another client, a former client, or a third person or by a personal interest of the covered attorney. (*Mickens v. Taylor, Warden,* 2002, 535 U.S. 162, citing: "circumstances of that magnitude (different result, i.e. prejudice) *U.S. v. Cronic*, 466 U.S. 648, 659, N,. 26, may also arise when defendant's attorney actively represented conflicting interests." (See also: *U.S. v. Miller*, CA-Mass, 463 F.2d 600, 602)

"Simultaneous representation of defendant and person who threatened to kill defendant was actual conflict of interest." (*U.S. v. Nicholson*, CA-4, 2010, 2007,475 F.3d 241, [8,9]) (611 F.3d 191)

Conflict of interest in homicide case (applicable to abortion of birthright eligible infant) was prejudicial. (*Lockhart v. Terhune*, CA-9, 2001, 250 F.3d 1223; *Sanders v. Ratelle*, 1994, CA-9, 21 F.3d 1446; *Lewis v. Mayle,* CA-9, 2004, 391 F.3d 989; *Clark v. Chappell,* 2019, CA-9, 936 F.3d 944/ and *Beets v. Scott,* CA-5, 1995, 65 F.3d 1258; *Stewart v. Wolfenbarger*, CA-6, 2006, 468 F.3d 338)

CONCLUSION:   Conflict of interest enjoins adjudication.

Mark Marvin
135 Mills Road
Walden, N.Y. 12586

April 7, 2025

Mark Marvin
135 Mills Road
Walden, N.Y. 12586

ALBANY NY 120
9 APR 2025 AM 1 L



FILED
LODGED
RECEIVED
**MAIL**

APR 1 4 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                DEPUTY

Clerk, US District Court
700 Stewart St    2310
Seattle WA 98101

98101-443999