The Honorable Judge John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| State of Washington, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Donald Trump, et al., <br><br> Defendants. | Case No. 2:25-cv-00127-JCC <br><br> **INDIVIDUAL PLAINTIFFS' EMERGENCY MOTION TO LIFT THE COURT'S STAY AND RE-NOTE MOTION FOR CLASS CERTIFICATION ON EXPEDITED BRIEFING SCHEDULE** <br><br> Note on Motion Calendar: June 30, 2025 |

In light of the U.S. Supreme Court's decision last Friday, *see Trump v. CASA, Inc.*, --- S. Ct. ---, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025), Individual Plaintiffs and the class they seek to represent (Plaintiffs) respectfully request that the Court lift its February 7, 2025, order, *see* Dkt. 118, staying all outstanding motions in this matter insofar as that order applies to Plaintiffs' motion for class certification, *see* Dkt. 58. Consistent with the Supreme Court's instructions, Plaintiffs further request that the Court set an expedited briefing schedule on their motion for class certification, ordering Defendants to file any opposing brief by July 3, 2025, and Plaintiffs to submit their reply brief by July 11, 2025.

The court previously stayed this matter "in light of Defendants appeal," noting it had discretion to do so. Dkt. 118 at 2. However, "the same court that imposes a stay of litigation has

INDIVIDUAL PLS.' EMERGENCY MOT. TO LIFT STAY AND RE-NOTE MOTION FOR CLASS CERT. ON EXPEDITED BRIEFING SCHEDULE - 1
Case No. 2:25-cv-00127-JCC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). Lifting a stay is appropriate when "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." *Id.*

Here, a stark change in circumstances warrants lifting the stay. On June 27, 2025, the Supreme Court issued an order staying in part the preliminary injunction because it "likely exceed[s] the equitable authority that Congress granted to federal courts," 2025 WL 1773631, at *4, given that it provided "relief that extended beyond the parties," *id.* at *7. The Court then stayed the injunction in this case and others, but "only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id.* at *15. The Court further instructed that "[t]he lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." *Id.* In addition, the Court noted, "[c]onsistent with the Solicitor General's representation, § 2 of the Executive Order shall not take effect until 30 days after the date of this opinion." *Id.*

Notably, in its decision, the Court recognized that "universal injunctions circumvent Rule 23's procedural protections." *Id.* at *10. In so recognizing, the Supreme Court acknowledged that with respect to individual plaintiffs, a properly certified class under Rule 23 is the appropriate mechanism by which injured parties can seek the kind of broad relief that the Individual Plaintiffs in this case requested. *Id.* at *9–10. The dissent too explained that in light of the Court's stay decision, "lower courts would be wise to act swiftly on . . . requests for [class

INDIVIDUAL PLS.' EMERGENCY MOT. TO LIFT
STAY AND RE-NOTE MOTION FOR CLASS
CERT. ON EXPEDITED BRIEFING SCHEDULE - 2
Case No. 2:25-cv-00127-JCC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

certification] and to adjudicate the cases as quickly as they can so as to enable this Court's prompt review." *Id.* at *44.[1]

The Supreme Court's stay order thus demonstrates that immediate and expedited briefing on Plaintiffs' motion for class certification is warranted. Given that Defendants have urged the court of appeals and the Supreme Court that this case should proceed through class certification, *see* n.1, they are well-placed to proceed with expedited briefing as to the motion that was filed more than five months ago, *see* Dkt. 58. Moreover, as the Supreme Court's order makes clear, Executive Order 14160 will take effect for those parties not covered by an injunction within thirty days of the Court's opinion. 2025 WL 1773631, at *15. For this reason, several justices recognized that the lower courts should proceed quickly to address class certification. *See, e.g.*, Tr. at 32, 36–37, 76; *see also* 2025 WL 1773631 at *44 (Sotomayor, J., dissenting). Accordingly, expedited consideration of the motion for class certification is appropriate to ensure that, prior to the Executive Order taking effect, a properly certified class exists in this case. At the same time, if the Court certifies the class, the Court should modify its injunction to explicitly clarify that the injunction is provided to all class members.[2]

---

[1] Further, at oral argument, several justices recognized that class certification could be considered quickly if the Court granted a stay of the preliminary injunctions at issue. *See* Tr. of Oral Argument at 32, *Trump v. CASA, Inc.*, --- S. Ct. ---, No. 24A884, 2025 WL 1773631 (U.S. May 15, 2025) (Tr.) (Solicitor General acknowledging in response to Justice Barrett that "class certification" can be "resolve[d] . . . quickly"). Notably, consideration of class certification is also exactly what Defendants themselves have argued should occur in this case. *See, e.g.*, Reply in Support of Application for a Partial Stay at 6–7, 9–10, *Trump v. CASA, Inc.*, --- S. Ct. ---, No. 24A884, 2025 WL 1773631 (U.S. Apr. 7, 2025) (repeatedly suggesting a class action is the proper mechanism by which parties can obtain an injunction like the one sought in this case); *see also* Defs.' Op. Br. at 50, *Washington et. al v. Trump*, No 25-807 (9th Cir. Mar. 7, 2025), ECF 43.1 (similar).

[2] Notwithstanding the pending appeal of the preliminary injunction, the Court's authority to proceed on other matters (like class certification) is clear. *See* 7AA Wright & Miller's Federal Practice & Procedure § 3921.2 (3d ed. 2025) ("Ordinarily an interlocutory injunction appeal

INDIVIDUAL PLS.' EMERGENCY MOT. TO LIFT STAY AND RE-NOTE MOTION FOR CLASS CERT. ON EXPEDITED BRIEFING SCHEDULE - 3
Case No. 2:25-cv-00127-JCC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Respectfully submitted this 30th of June, 2025.

s/ Matt Adamss/ Leila Kang
Matt Adams, WSBA No. 28287Leila Kang, WSBA No. 48048
matt@nwirp.orgleila@nwirp.org

s/ Glenda M. Aldana Madrids/ Aaron Korthuis
Glenda M. Aldana Madrid, WSBA No. 46987Aaron Korthuis, WSBA No. 53974
glenda@nwirp.orgaaron@nwirp.org

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for Individual Plaintiffs*

---

under § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case."). This Court's power to modify the injunction is also equally clear, as modification would not alter the status quo. *See Meinhold v. U.S. Dep't of Def.*, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994) (rejecting government argument that district court erred when it "issue[d] its amended order, which broadened the scope of injunctive relief, because an appeal had already been taken from the original order"); *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties.").

INDIVIDUAL PLS.' EMERGENCY MOT. TO LIFT STAY AND RE-NOTE MOTION FOR CLASS CERT. ON EXPEDITED BRIEFING SCHEDULE - 4
Case No. 2:25-cv-00127-JCC

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611