District Judge John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

Defendants.

CASE NO.  2:25-cv-00127-JCC

OPPOSITION TO INDIVIDUAL
PLAINTIFFS' MOTION TO LIFT THE
COURT'S STAY AND RE-NOTE
MOTION FOR CLASS
CERTIFICATION ON EXPEDITED
BRIEFING SCHEDULE

Defendants, by and through undersigned counsel, hereby oppose the Individual Plaintiffs'

Emergency Motion to Lift the Court's Stay and Re-Note Motion for Class Certification on Expedited

Briefing Schedule, ECF No. 138 ("Ind. Pls.' Mot.").  In support thereof, Defendants state as follows:

1.    This lawsuit is a set of consolidated cases challenging Executive Order 14160, Protecting

the Meaning and Value of American Citizenship.  The first (lead) lawsuit was brought by the State of

Washington and three other states.  *See* Compl., ECF No. 1.  The second lawsuit was filed by individual

plaintiffs as a putative class action.  *See* Compl., *Aleman, et al. v. Trump, et al.*, No. 2:25-cv-00163 (W.D.

Wash. Jan. 24, 2025), ECF No. 1.  The cases were consolidated on January 27, 2025, ECF No. 56, and a

OPPOSITION TO INDIVIDUAL PLAINTIFFS' MOTION TO
LIFT THE COURT'S STAY AND RE-NOTE MOTION FOR CLASS
CERTIFICATION ON EXPEDITED BRIEFING SCHEDULE
2:25-cv-00127-JCC - 1

Consolidated Complaint for Declaratory and Injunctive Relief—Class Action was filed on February 4, 2025, ECF No. 106.

2.      In the meantime, on January 27, 2025, the Individual Plaintiffs in this consolidated case filed a motion for class certification. *See* Individual Plaintiffs' Motion for Class Certification, ECF No. 58. That motion requested that the Court certify a class limited to individuals in Washington State:

> All pregnant persons residing in Washington State who will give birth in the United States on or after February 19, 2025, where neither parent of the expected child is a U.S. citizen or lawful permanent resident at the time of the child's birth; and

> All children residing in Washington State who are born in the United States on or after February 19, 2025, where neither of their parents is a U.S. citizen or lawful permanent resident at the time of the child's birth.

*Id.* at 2.  Individual Plaintiffs also requested that, if the Court were to issue a preliminary injunction prior to certifying a class, the Court should issue a provisional certification order. *Id.*

3.      This Court issued a nationwide preliminary injunction on February 6, 2025. *See* ECF No. 114.  In so doing, it rejected Defendants' argument that any preliminary injunction should be limited to the parties before the Court. *See id.* at 12-13; Defs' Opp'n to Pls.' Mots. for Prelim. Inj., ECF No. 84, at 44-45.  Later that same day, the Individual Plaintiffs filed a motion requesting that the Court amend its preliminary injunction to grant provisional class certification and to order class-wide relief.  ECF No. 115. Shortly thereafter, and again on the same day, Defendants filed a Notice of Appeal, appealing the nationwide preliminary injunction issued by the Court.  ECF No. 116.

4.      On February 7, 2025, this Court issued a Minute Order staying further proceedings.  ECF No. 118.  Specifically, the Court noted that it "has not yet decided the issue of class certification, provisional or otherwise." *Id.* at 1.  While the Court had intended the parties to brief class certification in due course, the Court found that "a stay of this matter is appropriate" in light of Defendants' Notice of Appeal. *Id.* at 2.  The Court then stayed the matter, including all outstanding motions, "pending the

OPPOSITION TO INDIVIDUAL PLAINTIFFS' MOTION TO LIFT THE COURT'S STAY AND RE-NOTE MOTION FOR CLASS CERTIFICATION ON EXPEDITED BRIEFING SCHEDULE 2:25-cv-00127-JCC - 2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-514-3374

outcome of Defendants' appeal," and directed the parties "to provide the Court with a joint status report within 14 days of the disposition of Defendants' current appeal." *Id.*

5.      Later on February 7, Defendants sought a partial stay of the preliminary injunction pending appeal, Mot. to Stay Prelim. Inj. Pending Appeal, ECF No. 122.  Specifically, Defendants requested that "the Court should stay the injunction's application to the plaintiff states, who have not shown that they are likely to establish Article III standing and have not shown that the [Executive Order] violates any of *their* rights as opposed to the rights of third parties," and that "the Court should stay the injunction's nationwide application."  Mot. to Stay Prelim. Inj. Pending Appeal at 2.  Defendants also sought a similar, emergency stay pending appeal directly from the United States Court of Appeals for the Ninth Circuit, which that court denied on February 19, *see* ECF No. 130 (attaching Ninth Circuit order denying partial stay pending appeal).  This Court then denied Defendants' partial stay motion as moot in light of the Ninth Circuit's decision.  Defendants' substantive appeal of this Court's preliminary injunction remains pending in the Ninth Circuit.

6.      On June 27, 2025, the Supreme Court granted a partial stay of the preliminary injunction issued in this and two other cases.  *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025).  According to the Court:

> The Government's applications to partially stay the preliminary injunctions are granted, but only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue. The lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity. The injunctions are also stayed to the extent that they prohibit executive agencies from developing and issuing public guidance about the Executive's plans to implement the Executive Order. Consistent with the Solicitor General's representation, § 2 of the Executive Order shall not take effect until 30 days after the date of this opinion. See Tr. of Oral Arg. 55.

OPPOSITION TO INDIVIDUAL PLAINTIFFS' MOTION TO
LIFT THE COURT'S STAY AND RE-NOTE MOTION FOR CLASS
CERTIFICATION ON EXPEDITED BRIEFING SCHEDULE
2:25-cv-00127-JCC - 3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-514-3374

*Id.* at \*15.  The same day, the Ninth Circuit ordered the parties to file concurrent supplemental briefs addressing the effect of *CASA* on the appeal of this Court's preliminary injunction.  *See* ECF No. 139 (lodging on this Court's docket the Ninth Circuit's order).  Those supplemental briefs are due on July 11. *See id.*

7.      Plaintiffs' emergency motion to lift the stay cites the Supreme Court's decision as "a stark change in circumstances." Ind. Pls.' Mot. at 2.  The Supreme Court's decision does not, however, require this Court to lift its stay or otherwise resolve the Individual Plaintiffs' class certification motion at this time for three separate reasons.

8.      *First*, the condition precedent to lifting the stay has not occurred.  The Court "STAY[ED] this matter, including all outstanding motions, pending the outcome of Defendants' appeal."  ECF No. 118.  That appeal remains ongoing.  The U.S. Supreme Court partially stayed this Court's preliminary injunction, but that stay operates independently from the Ninth Circuit's ongoing review of this Court's preliminary injunction.  This Court should continue to await resolution of Defendants' appeal before lifting its stay.

9.      *Second*, Individual Plaintiffs have not shown how the stay affects potential class members. Nor could they.  The Supreme Court "le[ft] it to" "[t]he lower courts" to consider arguments from the parties about the proper scope of the Supreme Court's stay.  *CASA*, 2025 WL 1773631, at \*12.  The Ninth Circuit has already begun that task by setting a briefing schedule for the parties to litigate the stay's scope.  *See* ECF 139.  Individual Plaintiffs do *not* propose that this Court should duplicate the Ninth Circuit's review and rule on the scope of the *CASA* stay.  Instead, they presume that the scope issue will be resolved a particular way and on that premise suggest that this Court should begin to consider a motion that the Individual Plaintiffs filed more than five months ago.  Neither Defendants nor Plaintiffs can appropriately brief that without the Ninth Circuit first applying *CASA*.  And Plaintiffs cannot establish a

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-514-3374

need for that until the scope of the *CASA* stay has been set.  At the same time the Individual Plaintiffs

seek certification of a proposed class limited to residents of Washington State, Plaintiff Washington State

has argued it is entitled to at least state-wide injunctive relief.

10.    *Third*, and most importantly, the Court lacks jurisdiction to grant the Individual Plaintiffs

additional relief.  The Individual Plaintiffs already have "complete relief"; this Court granted the Individual

Plaintiffs' motion for a preliminary injunction.  ECF No. 114.  Notably, Individual Plaintiffs' motion asks

that, if a class is certified, this "Court should modify its injunction to explicitly clarify that the injunction

is provided to all class members."  Ind. Pls.' Mot. at 3.  But "[o]nce a notice of appeal is filed, the district

court is divested of jurisdiction over the matters being appealed."  *Natural Res. Def. Council, Inc. v. Sw.*

*Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  Indeed, "[w]hile a preliminary injunction is pending on

appeal, a district court lacks jurisdiction to modify the injunction in such a manner as to finally adjudicate

substantial rights directly involved in the appeal." *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th

Cir. 2002) (quotation omitted).  While there are exceptions that allow district courts to preserve the status

quo, *see Natural Res. Def. Council*, 242 F.3d at 1166; Fed. R. Civ. P. 62(d), modifications to an injunction

may  not "materially alter the status of the case on appeal." *Natural Res. Def. Council*, 242 F.3d at 1166.

Moreover, the Individual Plaintiffs have not articulated a need for relief independent of the State's relief.[1]

And because the Ninth Circuit has indicated it is separately considering the impact of *CASA* on the scope

of this Court's preliminary injunction, it would be especially inappropriate for this Court to consider

modifying it. *See Natural Res. Def. Council*, 242 F.3d at 1166 (principle of exclusive appellate jurisdiction "is

---

[1]    The Individual Plaintiffs cite the case of *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64 (D.D.C. 2002), for the argument that courts have inherent power to lift a stay when circumstances alter. *Canady* is inapposite, however, as it involved a district court staying proceedings pending the outcome of reexamination proceedings before the U.S. Patent and Trademark Office that impacted the patent litigation before it.  It did not involve a district court staying proceedings in light of appellate review that deprived the court of jurisdiction over the very thing being appealed.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-514-3374

to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously").

11.    For these reasons, there is no need for the Court to lift the stay on an emergency basis or otherwise address class certification at this time (provisionally or otherwise).  Nonetheless, should the Court wish to lift the stay, it should reject the Individual Plaintiffs' one-sided schedule.  Specifically, Individual Plaintiffs propose that Defendants file their opposition to class certification by July 3, which is a mere three days from the date the Individual Plaintiffs filed their motion to lift the stay (and is even fewer days from any date on which the Court might rule on the motion).  Individual Plaintiffs' proposed schedule would then provide the Individual Plaintiffs until July 11—eight days later—to file a reply.  That schedule is highly prejudicial to Defendants.  And the Individual Plaintiffs cannot establish a need for litigation on that schedule.  As Defendants have explained elsewhere, "July 27, 2025, is the earliest date on which Defendants may begin to apply Executive Order 14160 to persons covered by the order." *CASA, Inc. v. Trump*, No. 8:25-cv-201, ECF No. 104 (D. Md. July 1, 2025).[2]

12.    Instead, and should the Court lift the stay, it should require the parties to confer and propose a schedule for further proceedings regarding class certification.  This is what the Court contemplated when it originally entered its stay, requiring the parties "to provide the Court with a joint status report within 14 days of the disposition of Defendants' current appeal."  ECF No. 118 at 2.  If it lifts its stay as to class certification issues, it should enter a similar conferral requirement before setting a briefing schedule.

---

[2]    The Individual Plaintiffs assert that Defendants "are well-placed to proceed with expedited briefing as to the motion that was filed more than five months ago."  Ind. Pls.' Mot. at 3.  This case, of course, has been stayed for more than five months, without any further proceedings in this Court since then.

OPPOSITION TO INDIVIDUAL PLAINTIFFS' MOTION TO
LIFT THE COURT'S STAY AND RE-NOTE MOTION FOR CLASS
CERTIFICATION ON EXPEDITED BRIEFING SCHEDULE
2:25-cv-00127-JCC - 6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20005
202-514-3374

DATED this 1st day of July, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Branch Director

*s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
(D.C. Bar No. 467513)
Special Counsel
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone:  202-514-3374
Fax: 202-616-8460
Email: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

OPPOSITION TO INDIVIDUAL PLAINTIFFS' MOTION TO
LIFT THE COURT'S STAY AND RE-NOTE MOTION FOR CLASS
CERTIFICATION ON EXPEDITED BRIEFING SCHEDULE
2:25-cv-00127-JCC - 7