THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | CASE NO. C25-0127-JCC |
| Plaintiffs, | ORDER |
| v. | |
| DONALD TRUMP, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Individual Plaintiffs' emergency motion to lift the Court's stay and for an expedited briefing schedule seeking class certification (Dkt. No. 138). The movants assert that lifting the stay is appropriate because there has been a "stark change in circumstances." (*Id*. at 2) (citing *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)). Namely, the Supreme Court's ruling in *Trump v. CASA, Inc.*, --- S. Ct. ---, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025). (*See id*.)

A district court has broad discretion to stay a proceeding, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes staying an action "pending resolution of

independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).[1]

On June 27, 2025, the Supreme Court issued a ruling that this and other district courts' nationwide preliminary injunctions "likely exceed the equitable authority that Congress has granted to federal courts." *CASA,* 2025 WL 1773631, slip op. at 4 (U.S. 2025). It then stayed the preliminary injunctions "to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id*. at 15. Notably, the Supreme Court did not reach the question of whether the injunctions are, in fact, broader than necessary; instead, it remanded the cases to their respective lower courts and instructed the lower courts to "move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." *Id*. Now, as the Individual Plaintiffs see it, "mov[ing] expeditiously" would include lifting this Court's stay and setting an expedited briefing schedule for class certification. (*See* Dkt. No. 138 at 3.)

Defendants oppose. (Dkt. No. 140.) They argue that lifting the stay is unwarranted because their appeal is still pending with the Ninth Circuit Court of Appeals, and this Court "STAY[ED] this matter . . . pending the outcome of Defendants' appeal." (Dkt. No. 118 at 2.) They further submit that lifting the stay would be inappropriate because the Ninth Circuit has already begun the task of determining whether this Court's preliminary injunction is broader than necessary to provide complete relief to each plaintiff with standing to sue; thus, the Ninth Circuit's ruling could very well render class certification moot. (*See* Dkt. No. 140 at 4–5) (*see also* Dkt. No. 139) (Ninth Circuit's order for supplemental briefing in light of the *CASA* ruling).

---

[1] Furthermore, in deciding whether to lift or maintain the stay, the Court considers the following factors: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court agrees. Put simply, it would be premature for this Court to lift its stay when the Ninth Circuit has already moved expeditiously to determine the scope of the preliminary injunction. To that end, maintaining the stay would also promote judicial efficiency, judicial comity, and the overall effort to simplify the issues.

Accordingly, the Court DENIES the emergency motion to lift the Court's stay (Dkt. No. 138). The Individual Plaintiffs may renew their motion once the Ninth Circuit issues its rulings.

It is so ORDERED this 3rd day of July 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE